UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>             Plaintiff,       )<br>                              )<br>       v.                     )<br>                              )<br>SAN THI LE,                   )<br>a.k.a. JULIE LE,              )<br>                              )<br>             Defendant.       )<br>_____) | CASE NO.   CR06-319JLR<br><br>DETENTION ORDER |

Offense charged:

    Count II:   Conspiracy to Engage in Money Laundering, in violation of Title 18, U.S.C., Section 1956(h).

Date of Detention Hearing:   September 28, 2006.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Ye-Ting Woo. The defendant was represented by Jeff Smith, noting conditional representation pending potential conflict resolution.

    The Government moves for detention, asserting that the defendant presents a flight risk given her access to large sums of cash and family members - two sons, a daughter, and an ex-husband - who are also co-defendants in the instant offense. The Government contends that the defendant has no verifiable income, and that there is difficulty differentiating legitimate funds from illegitimate funds, finding that cash proceeds from drugs have co-mingled with other cash. Additionally, the Government offers that telephone

wiretaps reveal the defendant's participation in enabling illegitimate funds to be forwarded to a drug source in Canada.

The defendant argues for release, stating that she has a two year-old son, she owns her own business, and has disclosed all information regarding her funds. The defense counters that the defendant receives additional funds from her children who pay rent to her. Finally, the defendant maintains she is not a flight risk as she is a thirty-year resident in this district, her husband is not charged in the instant offense, and she has offered to turn in her passport.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) The Government's case is described as involving two drug distribution organizations whose participants are known to each other. This defendant is the mother of Quoc Le who is considered the leader of one of the organizations. Her ex-husband and two of their sons, the son's girlfriends, and close friends are close. These intertwined relationships involve their employment for the father's "car-washing" business and living in homes purchased by Quoc Le, in addition to using cars paid for by Quoc Le. The ties the defendant has to this district are her family members who are integral members of this alleged drug conspiracy.

(2) The nature of the instant offense consists of money laundering involving tens of thousands of dollars. The evidence provided by the telephone wiretaps describes the defendant as having particular knowledge as to the location of these funds. Continued investigation of information seized at this defendant's home is still underway. It has yielded an undisclosed safe deposit box containing $30,000 in her name and the name of her daughter, another co-defendant.

(3) Certificates of deposit seized in this investigation also raise concerns about the co-mingling of legitimate funds from this defendant's nail business and the alleged drug conspiracy.  Her role has been described by the Government as principally involved in the co-mingling and money laundering of these funds through her business.

(4) At this stage of the case, not enough is known to allay the Court's concerns about this defendant's flight from the jurisdiction given the large sums of money involved in this conspiracy.  Ready access to money only heightens the likelihood of flight given that one co-conspirator has already fled to Vietnam to avoid prosecution.

(5)  Finally, due to the nature and seriousness of the drug crime alleged, release of the defendant would pose a risk to the community.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the  Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 29th day of September, 2006.

_____
Monica J. Benton
U.S. Magistrate Judge

DETENTION ORDER
PAGE -4-